UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY CULP, as Next Friend of
SETH CULP, a minor,

     Plaintiff,

v.                                                                        Case No. 07-12947

SEARS ROEBUCK AND CO.,                              Honorable Sean F. Cox

     Defendant.

_____/

## ORDER REMANDING
## ACTION TO WAYNE COUNTY CIRCUIT COURT

Plaintiff filed suit against Defendant in Wayne County Circuit Court on or about May 14,

2007. Defendant then removed the action to this Court asserting diversity jurisdiction.

On July 30, 2007, Plaintiff filed a motion seeking to remand this action to state court.

Plaintiff asserts that the amount in controversy does not exceed the jurisdictional amount of

$75,000 and this Court therefore lacks subject matter jurisdiction over this action.

Rule 81.1 of the Local Rules for the Eastern District of Michigan governs removal of

diversity actions and provides, in pertinent part:

> (d) If a plaintiff moves to remand, contending that the amount in controversy does
> not exceed the required jurisdictional amount, the plaintiff must include with the
> motion a signed statement of damages claimed, itemizing all damages by category
> and amount, or, for those categories for which the plaintiff is unable to specify a
> precise amount, an estimate of the maximum amount and a detailed description of
> the factual basis for the estimate.

> (e) The court will not enter an order to remand on the ground that the amount in
> controversy does not exceed the required jurisdictional amount without an
> opportunity to be heard.

L.R. 81.1(d) and (e). Because Plaintiff's Motion to Remand did not comply with the

requirements of L.R. 81.1(d), this Court issued an Order on July 31, 2007, requiring Plaintiff to file a signed statement of damages, as required by L.R. 81.1(d), within seven (7) days of the date of the order. That order further provided that if Defendant wished to file a brief in opposition to the Motion to Remand, it must file such a brief within fourteen (14) days of service of Plaintiff's signed statement of damages.

On August 7, 2007, Plaintiff filed a signed statement of damages indicating that the total damages sought from Defendant are estimated to be $51,000 and providing individual estimates for medical bills, future surgery, pain and suffering, emotional distress, and disfigurement.

On August 21, 2007, Defendant filed a brief in opposition to the Motion to Remand, asserting that the Court should deny the motion to remand because: 1) Plaintiff refused to stipulate that damages in this matter do not exceed $75,000; and 2) Plaintiff's statement of damages is insufficient in that it does not state whether Plaintiff's estimates are the maximum amount of damages sought and it does not provide a factual basis for the estimates. Defendant has not provided any authority, however, for the proposition that a plaintiff is required to stipulate to the amount of damages sought. Moreover, the Court concludes that Plaintiff has substantially complied with L.R. 81.1(d).

Having reviewed Plaintiff's complaint, Defendant's Notice of Removal, Plaintiff's signed statement of damages, and Defendant's brief in opposition to the Motion to Remand, the Court concludes that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional amount. *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Durant v. Servicemaster Co.*, 147 F.Supp.2d 744 (E.D. Mich. 2001). Based upon the above filings, the Court therefore concludes that it lacks subject matter jurisdiction over this matter.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED** and

this action is hereby **REMANDED** to Wayne County Circuit Court.

      **IT IS SO ORDERED.**


           S/Sean F. Cox
           Sean F. Cox
           United States District Judge

Dated: August 29, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on
August 29, 2007, by electronic and/or ordinary mail.

           S/Jennifer Hernandez
           Case Manager